UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

**FILED**

JUN 04 2018

"CONTRACT FOR PARTICIPATION IN RE-ENTRY COURT"

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

TODAY'S DATE  5/22/2017

| | | | |
|---|---|---|---|
| **NAME:** Velazquez (Last Name) | German (First Name) | **DKT NUMBER:** | Docket-2:11CR00096-06 |
| | | **PACTS NO:** | 44348 |
| | 4/17/2018 | | (Entry Date) |

**OFFENSE OF CONVICTION:** Possession with Intent to Distribute Methamphetamine

**DATE OF CONVICTION:** 1/20/2015

**SENTENCE EXPIRATION DATE:** 2/25/2021

**SENTENCE:** 97 months BOP; 36 months TSR

**SPECIAL CONDITIONS:** Search; outpatient correctional treatment program; drug testing, co payment for treatment or testing; financial disclosure; register as drug offender.

## *Introduction*

You have been invited to participate in the Reentry Court of the Eastern District of California. Participation is entirely voluntary, and there will be no negative consequence if you do not wish to participate. If you successfully complete the Reentry Court, your term of supervision will be shortened by one year.

You may also voluntarily discontinue the program and return to traditional supervision status. Withdrawal from the program, in itself, is not a violation of the terms of supervised release.

## *The Reentry Court Program Basics*

The Reentry Court will last at least one year. Participants will be under the supervision of a Reentry Court probation officer (PO), rather than a traditional probation officer. Participants agree to abstain from alcohol and drug use, to participate in a drug and alcohol evaluation, to attend and participate in Reentry Court sessions, and to engage in any and all treatment recommended. Participants also agree to submit to drug testing as directed by the PO or treatment provider. In addition to the requirements of
1

actively engaging in treatment, you will also be required to comply with the general conditions of supervision.

You will be assigned an attorney from the Federal Defender's Office (AFD) who is assigned to the Reentry Court. An Assistant United States Attorney (AUSA) will also be assigned to the Program. Both the AFD and the AUSA will work with the PO in order to provide additional support and encouragement for your sobriety and success in the Program. While participating in Reentry Court, the Reentry Court "team" will have access to the treatment provider and treatment records. The team consists of the Reentry Court Judge, probation officer, prosecutor, defense attorney, and treatment provider.

## *Length of Reentry Court Program*

The program will last at least one year. Participants who struggle in treatment, but remain dedicated to recovery, may be given extensions in the program to complete their term of treatment and may still be rewarded with the one-year reduction in supervision.

## *Court Appearances*

At least once per month, at a time to be determined, you will be required to appear before the Reentry Court Judge to evaluate your progress. Every effort will be made to ensure the time of the appearance does not conflict with your employment or treatment programming. The PO, AFD, and AUSA will be present. Progress reports from your PO and your treatment provider will be provided to the Court and attorneys. These reports will describe both successes and problems you have experienced on supervision, either treatment related, or otherwise.

## *Supervision Violations and Sanctions*

Supervision violations and sanctions will ordinarily be handled on the regularly scheduled Reentry Court calendar. The Court, however, can schedule an appearance at any time. Additionally, sanctions and modifications regarding treatment may be handled on an expedited basis with the consent of the parties.

If a monthly progress report contains an allegation of noncompliance, you may choose to agree that the allegation is true and waive the traditional protections and procedures afforded to those on supervision when they are accused of violating supervision. There will be no hearing on whether the allegation is true. The Reentry Court Judge will decide whether a Reentry Court sanction is appropriate. As noted above, noncompliance can also be handled outside the presence of the Reentry Court Judge if all parties agree.

Noncompliant behavior by you, the participant, will result in sanctions. The range of possible sanctions has been drafted broadly to assure that some level of sanction is available for every violation. Factors

which will influence the type of sanction employed include the seriousness of the violation, the number of violations, and the amount of time you have remained compliant, either before a first violation, or between violations. In addition, an important factor will be whether you voluntarily disclose the violation. Dishonesty on your part will result in enhanced sanctions. Depending on these factors, any of the sanctions listed below – including termination from the program – is available. As a general rule, when there are repeat violations, more serious sanctions will be applied.

Sanctions may include, but are not limited to:

- Participant receives a judicial reprimand;
- Participant is ordered to increase the frequency of support group attendance;
- Participant is ordered to participate in a criminal court proceeding (i.e. arraignment, motion, sentencing, etc.).
- Participant is ordered to research a topic related to his or her recovery or reentry plan and present his or her findings to the Reentry Court Judge, or at a hearing;
- Participant is ordered to provide an explanation for his/her noncompliant behavior, either in writing or some other means (such as why participant failed to attend treatment or tested positive, or about the thing that most often causes participant to relapse and why, or about what participant will do differently this time so that participant will not fail again, or about someone participant admires and why);
- Participant is ordered to participate in community service (the site of which will be left to the discretion of the Court and hopefully the Court will discuss with the participant his or her interests and select a community service activity they may find they actually enjoy, thus encouraging service not as a sanction, but as a fulfilling activity);
- Participant is ordered to comply with curfew restrictions or home confinement with electronic monitoring;
- Participant is ordered to participate in a day reporting program;
- Participant is ordered to complete a term at a residential reentry center;
- Participant's term of reentry court is extended;
- Participant is ordered to spend up to 7 days in jail [see 18 U.S.C. §§ 3563(c), 3583(e)];
- Participant is terminated from the program with or without filing of a formal violation.

If appropriate, sanctions may be ordered more than once during the course of the program.

If you admit to the violation, you may be able to complete the sanction and remain in the program. When expedited action is appropriate and the parties agree, a sanction or adjustment in treatment can be imposed through a modification and without an appearance before the Court. The PO's report at the next Reentry Court appearance will inform the Reentry Court Judge whether you properly completed the sanction ordered at the last appearance. Failure to complete ordered sanctions may result in added sanctions, or termination from the Reentry Court.

If you wish to contest the sanction allegation, you may do so. The only permissible contested sanction hearing in Reentry Court, however, is a claim of actual innocence of the alleged violation. You will

have the right to present evidence to the reentry court team, who will decide if the allegation is true. If there is no consensus amongst the team, the Reentry Court Judge will ultimately decide whether the allegation is true. It is important to note the PO need not wait until your scheduled Reentry Court appearance to address problems in supervision. If you fail to abide by the directions of the PO, the PO will contact you to address the problem. Minor violations may be dealt with by either the PO, or by a team including the PO, the AFD, and the AUSA. If you commit a major violation, a warrant will immediately be issued for your arrest.

## *Termination From the Reentry Court Program*

You may be terminated from Reentry Court if you fail to participate in treatment and supervision – including repeated technical violations of general conditions of supervision, failure to make your Reentry Court appearances, or a new law violation. If you are terminated from the Reentry Court, you will return to regular supervision status, and may face a violation hearing.

If the Probation Office chooses to pursue a formal violation charge, it will be the policy of the Probation Office not to allege as a formal violation conduct that occurred during the Reentry Court program and that was previously addressed. After the participant is outside of the Reentry Court context, however, the Court presiding over the violation hearing will be advised of all conduct that has taken place during the period of supervision, including successes, failures, and sanctions which occurred during the Reentry Court.

## *A)* *GRADUATION AND ONE-YEAR REDUCTION IN SUPERVISION TERM*

Upon successful completion of the Reentry Court, your total term of supervision will be reduced by one year. After completing the Reentry Court, most participants have an additional amount of time to spend on traditional supervision. If this is true of you, you will be required to continue to comply with any and all conditions of supervision. If you violate the terms of your supervision, you will be subject to revocation, but any term of supervision imposed following the term of incarceration will be reduced by one year.

## *B)* *GRADUATION AND DISMISSAL OF PENDING SUPERVISED RELEASE/PROBATIONVIOLATION HEARING/PETITION*

Upon successful completion of the Reentry Court, the supervised release/probation allegations against you will be formally dismissed and your total term of supervision will be reduced one year.

PARTICIPANT:  Velazquez, German

## *AGREEMENT*

### *Participant:*

I, _____**German Velazquez**_____ have read, or someone has read to me, this Agreement and I understand the basic workings of the Reentry Court. I voluntarily agree to participate in the Reentry Court and I understand I can revoke my voluntary participation at any time and return to traditional supervision.

_____  5 22 18
**Signature / Date**

### *Reentry Court Judge:*

I, _____**Allison Claire**_____ the Judge in the Eastern District of California's Reentry Court, accept the above-named participant into the Reentry Court.

_____  5/22/18
**Signature / Date**

### *Representative of the United States Attorney:*

The Assistant United States Attorney representing the government in the Eastern District of California's Reentry Court, accepts the above-named participant into the Reentry Court.

_____
**Signature / Date**

### *Representative of the Federal Public Defender:*

The Assistant Federal Defender representing the participant in the Eastern District of California's Reentry Court, accepts the above-named participant into the Reentry Court.

_____
**Signature / Date**

# "CONTRACT FOR PARTICIPATION IN RE-ENTRY COURT – ED/CA"

PARTICIPANT: <u>Velazquez, German</u>

## *Representative of the United States Probation Office:*

The Probation Officer assigned to Eastern District of California's Reentry Court, accepts the above-named person into the Reentry Court.

*[signature]* 5/22/18
**Signature / Date**

## *United States District Court Judge:*

The District Court Judge accepts the above-named person into the Reentry Court.

DATED: June 4, 2018   *[signature]*
**Signature / Date**